IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| A. G., | ) |
| | ) |
|     Plaintiff | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| AMERICAN CREDIT BUREAU, INC., | ) COMPLAINT AND DEMAND FOR |
| | ) JURY TRIAL |
|     Defendant | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

A. G., a minor, ("Plaintiff") by her attorney, Angela K. Troccoli, Esquire, alleges the following against AMERICAN CREDIT BUREAU, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

5.\tDeclaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.\tPlaintiff is a natural person and a minor residing with her father Anthony Gonzalez, Jr. in Niantic, Connecticut, 06357 at the time of the alleged harassment.

7.\tPlaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

8.\tDefendant is a debt collection company with its corporate headquarters located at 1200 North Federal Highway, Suite 200, Boca Raton, Florida, 33432.

9.\tDefendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.\tDefendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.\tThe Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

2

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

**FACTUAL ALLEGATIONS**

15. Defendant and others it retained began on or around July 15, 2010 and continued through August 16, 2010, to constantly and continuously place harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt of another person.

16. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

17. Defendant and its employees placed calls to Plaintiff's home number and cell phone.

18. Plaintiff would answer the telephone and immediately be hung-up on.

19. Defendant and others it retained repeatedly contacted Plaintiff for at least five (5) weeks in its attempts to collect a debt.

20. Plaintiff received phone calls and voice messages from Defendant on a number of occasions including but not limited to, calls on July 15, 2010, at 8:54am; July 20, 2010 at 5:18pm and 5:21pm; August 3, 2010 at 3:14pm; August 10, 2010 at 1:23pm; and August 16, 2010 at 3:15pm from the following phone number (561) 750-9422. The undersigned has confirmed that the number belongs to Defendant.

21. During the August 16, 2010, telephone call Defendant's representative asked to speak with "Monica."

22. Defendant's representative identified the debtor as "Monica Herbert," who owed an alleged debt for a telephone bill.

23. Plaintiff informed him that he had the wrong number.

24. Defendant's representative replied: "Oh what, you do not recognize your name?"

25. Plaintiff clearly stated to Defendant's representative: "this is A. there is no Monica here".

26. Defendant's representative stated again: "What are you stupid? You do not recognize your own name?"

27. Plaintiff said "excuse me."

28. Defendant's representative then stated: "You have a debt of $200, do you intend on paying that?"

29. Plaintiff terminated the telephone call.

30. Due to the harassing calls upsetting Plaintiff, Plaintiff's father contacted Defendant and spoke with "Johnny Criscio," and informed "Johnny Criscio" that there was no "Monica" here, that "Monica" did not live at the house.

31. "Johnny Criscio" admitted that the telephone calls where not for a telephone debt and that he would no longer call Plaintiff.

32. The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of privacy.

33. Defendant failed to investigate or verify contact information prior to and after calling Plaintiff.

34. Defendant failed to update its records to avoid further harassment of Plaintiff.

**CONSTRUCTION OF APPLICABLE LAW**

35. The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v.</u>

Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

36. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

37. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

38. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated § 1692b(2) of the FDCPA by informing Plaintiff that another person owed a debt, specifically "Monica";

    c. Defendant violated § 1692b(3) of the FDCPA by calling Plaintiff more than once in connection for the collection of a debt for "Monica";

    d. Defendant violated § 1692c(b) of the FDCPA by communicating with Plaintiff about a debt allegedly owed by "Monica";

    e. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    f. Defendant violated § 1692d(5) of the FDCPA, when it caused Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    g. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    h. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, A. G., respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, A. G., demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

A.G.,
By her Attorney,

/s/ Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
60 Hartford Pike, PO Box 325
Dayville, CT 06241
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@lemonlaw.com

Dated: May 2, 2011