**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| A. G., | ) |
|        Plaintiff, | ) |
| | )   **Civil Action No.:  3:11-cv-00711 JCH** |
| v. | ) |
| | ) |
| AMERICAN CREDIT BUREAU, INC. | ) |
|        Defendants. | ) |
| | )   September 22, 2011 |
| | ) |

**MEMEORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE
TO PROCEED WITH A PSEUDONYM OR FOR LEAVE
TO AMEND THE COMPLAINT**

The Plaintiff, A.G., ("Plaintiff") files this Memorandum of Law in opposition to Defendant, American Credit Bureau's ("Defendant") Motion to Dismiss and in support of her Motion for Permission to Proceed with a Pseudonym or in the alternative for Leave to Amend the Complaint to include representation of a guardian or next friend.

I.       **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of Niantic, Connecticut who was repeatedly harassed by Defendant's representatives in July and August of 2010, regarding a debt belonging to a third party named "Monica Herbert" (phonetic), whom Plaintiff has no relation and does not know. See Complaint, Docket Entry No. 1.   The harassing telephone calls were confusing to Plaintiff, and added unnecessary anxiety during the inherently stressful time period of applying for her college applications.  After repeatedly informing one of Defendant's representatives that Plaintiff does not know "Monica" and no such person could be reached at Plaintiff's telephone number, Defendant's representative became accusatory and abusive, calling Plaintiff "stupid". See Id. At

1

the time of Defendant's harassing and reckless conduct, Plaintiff was a minor.  See Id.  Due to her status as a minor and the sensitive subject matter of receiving debt collection calls, on May 2, 2011, Plaintiff filed her Complaint under the pseudonym "A.G."  See Id.

On September 2, 2011, Defendant filed its Motion to Dismiss and Memorandum in support thereof.  See Docket Entry No. 15.  Defendant argues that because Plaintiff filed her Complaint using a pseudonym without permission from the Court, and because Plaintiff is a minor, who did not bring the suit by way of a next friend of guardian, the case should be dismissed outright for lack of subject matter jurisdiction.  See Id.  In its Memorandum, Defendant fails to cite a single federal case which dismissed a claim outright due to a failure to seek permission of the court to use a pseudonym, or lack of a guardian or next friend after the pleading stage.  Defendant erroneously relies on two cases to support dismissal.  The first case W.N.J. v. Yocom, 257 F.3d 1171 (10th Cir. 2001), is a Tenth Circuit case which held that the court lacked jurisdiction over a Plaintiff *on appeal after a motion for summary judgment had been granted.*  The second case on which Defendant relies, is Wilcox v. Webster Ins., Inc., 294 Conn. 206, 212 (2009), which relied on state civil procedure to hold that the plaintiff lacked standing because the plaintiff was a minor, who filed suit without representation of a guardian or next friend.

Because there are numerous cases in which the courts have granted parties permission to proceed anonymously after the pleading stage, Defendant's Motion to Dismiss must be denied.  Furthermore, the Honorable Court should grant Plaintiff her Motion to Proceed with the use of a Pseudonym, or in the alternative, a Motion for Leave to Amend her Complaint.

## II.     STANDARD OF REVIEW

A claim is subject to dismissal under Rule 12(b)(1) when the court lacks subject matter jurisdiction.  The same standard of review applies to motions to dismiss under Rule 12(b)(1) and

motions urged pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir.2003). A claim may not be dismissed for lack of subject matter jurisdiction unless it appears certain that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. See Bombardier Aerospace Employee Welfare Benefits Plan, 354 F.3d at 351; Home Builders Ass'n v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir.1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Home Builders Ass'n, 143 F.3d at 1010.

Every action shall be prosecuted in the name of the real party in interest ... no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest *until a reasonable time has been allowed after objection for ratification of commencement of the action* by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution, shall have the same effect as if the action had been commenced in the name of the real party in interest. EW v. N.Y. Blood Ctr., 213 F.R.D. 108 (E.D.N.Y. 2003) (citing Fed. R. Civ. P. 17(a)). Failure to bring an action in the name of a party does not divest the Federal court of jurisdiction. Id., at 109-110.


### III.   ARGUMENT

#### I.   Defendant's Motion to Dismiss Must be Denied and Plaintiff Should Be Granted Permission to Proceed Anonymously

##### a.   Defendant Has Not Shown that the Court Lacks Subject Matter Jurisdiction Over The Controversy

A court may find lack of subject matter jurisdiction based on (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001); Clark v. Tarrant County, Texas, 798 F.2d 736,

741 (5th Cir.1986). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. <u>Ramming</u>, 281 F.3d at 161. However, a court must take all facts as true and resolve all inferences and doubts in the plaintiff's favor. <u>In re Supreme Beef Processors, Inc</u>., 391 F.3d 629, 633 (5th Cir.2004).

Federal courts have subject matter jurisdiction for claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.  Plaintiff has filed this claim under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), therefore subject matter jurisdiction exists.  Defendant has not cited any cases, which apply the Federal Rules of Civil Procedure to hold that the wrongful use of a pseudonym or the failure to file a claim through a legal guardian or next friend (allegations which Plaintiff deny) deprive the federal courts of subject-matter jurisdiction.  Because this case involves a controversy of federal law, subject matter exists and Defendant's Motion is erroneous.

b.   <u>Dismissal is Improper at This Stage of Litigation</u>

In its Motion and Memorandum in support thereof, Defendant relies on <u>W.N.J. v. Yocom</u>, 257 F.3d 1171, to support its case for dismissal.  In <u>Yocom</u>, the appellate court held that it lacked jurisdiction over an appeal of a grant of summary judgment, because the plaintiffs failed to obtain permission from the court to use a pseudonym *after the completion of discovery and the filing of dispositive motions.*  However, in <u>EW v. N.Y. Blood Ctr.</u>, 213 F.R.D. 108, the court explicitly rejected the argument that Defendant is making in this action, denying the defendant's motion to dismiss for the wrongful use of a pseudonym and granting the plaintiff's motion to proceed with the use of a pseudonym:

> In light of these provisions of the Federal Rules, NYBC's contention that the Court lacks jurisdiction over the matter, and cannot permit amendment of the complaint to reflect the name of the real party in interest, is obviously wrong. Fed R. Civ. P. 17(a) itself specifies that the *court may permit correction of a caption* in a matter under these circumstances, if a plaintiff has not been named or

identified correctly. Thus, the federal rule itself indicates that failing to bring an action in the name of the real party in interest does *not* immediately and automatically divest a district court of jurisdiction. Indeed, *in many cases courts have permitted a motion such as the present one to provide a basis for continuing the proceeding (initially filed under a pseudonym), either with or without a pseudonym* (emphasis added). Id., at 109-110.

The case Roe v. Providence Health Sys., 2007 WL 1876519 (D.Or. 2007) held that, 2007 WL 1876519 (D.Or. 2007) held that Yocom was inapplicable to a case where the defendant sought to dismiss for the wrongful use of a pseudonym after the pleading stage:

The Yocum (sic) case is factually distinguishable from this case because in Yocum (sic), the plaintiffs never requested permission to proceed anonymously, while in this case the plaintiffs filed a motion to proceed anonymously *after the Providence defendants filed their motion to dismiss* (emphasis added). Id., at 2.

Defendant also erroneously relies on Estate of Rodriguez v. Drummon Co., Inc., 256 F.Supp.2d 1250 (N.D. Ala. 2003), to support its Motion to Dismiss.  In Rodriguez, the case was dismissed on 12(b)(6) grounds for failure to state a claim, rather than 12(b)(1) grounds for lack of subject matter jurisdiction.  Furthermore, the court allowed for leave to file an amended complaint, rather than dismissing the matter in its entirety.  See Id.

Defendant has not provided any case law in support of its position that the improper use of a pseudonym would warrant dismissal after the filing of the Complaint.  There does however, exist clear and explicit rulings to the contrary.  Accordingly, Defendant's Motion to Dismiss must be denied.

c.  Plaintiff Should Be Permitted by the Court to Proceed with the Use of a Pseudonym

Due to her status as a minor and the personal nature of the suit, Plaintiff seeks permission from the Court to proceed with the use of the pseudonym "A.G."  When determining if a plaintiff may proceed anonymously with the use of a pseudonym, the court balances the plaintiff's "right to privacy and security against [must be balanced] against the dual concerns of (1) public interest

5

in identification of litigants; and (2) harm to the defendant stemming from falsification of plaintiff's name." Doe v. Blue Cross & Blue Shield of Rhode Island, 794 F.Supp. 72, 73 (D.R.I. 1992).  Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981).The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name.  Id.  These crucial interests served by open trials, see are not inevitably compromised by allowing a party to proceed anonymously (internal citations omitted). Id.

Minors have a heightened right to privacy due to the fragility that is inherent to their young age. Courts have allowed minor children anonymity while simultaneously denying adults the same protection in cases.  See Stegall, 653 F.2d 180; See Yacovelli v. Moeser,  2004 WL 1144183 (M.D. NC 2004).    Additionally, courts have granted parties the permission to use a pseudonym when the complaint devolves around sensitive subject matter.  See EW v N.Y. Blood Ctr., 213 F.R.D. 108 (involving blood transfusions and hepatitis).  Congress has taken steps to prevent the publication of names of debtors and to prevent debt collectors from contacting third parties in order to further its collection efforts from debtors due to the embarrassing nature of being perceived to be in debt.  See Fair Debt Collection Practices Act 15 U.S.C. §§ 1692c(b); 1692d(3).  Chiverton v. Federal Financial Group, Inc., 399 F.Supp.2d 96 (D.Conn. 2005) awarded $5,000 for emotional distress damages for repeated debt collection calls and conversations with the plaintiff's co-workers during collection calls to the plaintiff's workplace.

Given Plaintiff's infancy and the sensitive nature of her Complaint, Plaintiff should be granted permission to proceed with the use of a pseudonym.  When the Complaint for this action was filed, Plaintiff was a minor.  Therefore, she has a heightened right to privacy.  Additionally, the allegations of being in debt (which in this case are false) can be of great embarrassment and

stress, especially during a sensitive transition period, such as Plaintiff's college application process and preparation for adulthood.  While Plaintiff has shown good cause for using a pseudonym, Defendant has failed to show how it would be prejudiced in any way.  Accordingly, Plaintiff should be granted permission to pursue her claim through the use of a pseudonym.

## II.    In The Alternative, Plaintiff's Motion For Leave To Amend Complaint Should be Granted

Under Fed.R.Civ.P. 15(a), a motion for leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); <u>see</u> <u>also</u>, <u>Forman v. Davis</u>, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and <u>Sheppard v. River Valley Fitness One, L.P.</u>, 2002 WL 197976 (D.N.H.2002). "The Supreme Court has held that 'this mandate is to be heeded' and that a motion to amend should not be denied unless there are compelling reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant … [or] undue prejudice to the opposing party.'" See <u>Picker Intern., Inc. v. Leavitt</u>, 128 F.R.D. 3, 8 (D.Mass.1989) (citing <u>Forman v. Davis</u>, 371 U.S. at 182).

In this situation, Plaintiff filed the Complaint on the good-faith belief that she was entitled to do so due to her infancy and the sensitive nature of her claim.  If Plaintiff must amend her Complaint to file suit through a guardian or next friend, no injustice would take place.  See Plaintiff's "Exhibit A" Proposed Amended Complaint.  However, to deny Plaintiff her right to amend the Complaint would likely deny Plaintiff the right to file her claim in its entirety, due to the one-year statute of limitations for FDCPA claims.  Therefore, should the Honorable Court deny Plaintiff's Motion to Proceed with a Pseudonym, the Court should grant Plaintiff's Motion for Leave to Amend her Complaint.

## IV.  CONCLUSION

Defendant's Motion to Dismiss is premature and denies Plaintiff the opportunity to seek permission from the Court to proceed with the use of a pseudonym.  Accordingly, Defendant's Motion to Dismiss must be denied, and Plaintiff's Motion for Permission to Proceed with a Pseudonym must be granted or in the alternative, Plaintiff's Motion for Leave to Amend her Complaint to include representation of a guardian or next friend must be granted.

Plaintiff's attorney contacted opposing counsel, pursuant to Local Rule 7(f), and inquired as to whether he would agree to the Amended Complaint.  Opposing counsel did not consent.

Respectfully Submitted,

A. G.,
By her Attorney,

/s/ Angela K. Troccoli

**ORAL ARGUMENT
IS NOT REQUESTED**

Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
60 Hartford Pike, PO Box 325
Dayville, CT 06241
(860) 866-4380- direct dial
atroccoli@creditlaw.com

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| A. G., | ) |
|              Plaintiff, | ) |
| | )   **Civil Action No.: 3:11-cv-00711 JCH** |
| v. | ) |
| | ) |
| AMERICAN CREDIT BUREAU, INC. | ) |
|            Defendants. | ) |
| | )   September 22, 2011 |
| | ) |

## CERTIFICATE OF SERVICE

I, Angela K. Troccoli, Esquire, hereby certify that I have this 22nd day of September, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Michael J. Dugan, Esquire
Litchfield Cavo LLP
40 Tower Lane, Suite 200
Avon, CT 06001
dugan@litchfieldcavo.com

*Attorney for Defendant*

                                            */s/ Angela K. Troccoli*
                                            Angela K. Troccoli, Esquire
                                            Id# ct28597